IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OCIE HOSKINS, #75124                                                                                    PLAINTIFF

v.                                                                         CIVIL ACTION NO.  3:12-cv-531-CWR-FKB

CHRISTOPHER B. EPPS, JAMES HOLMAN,
SHEILA PARKS, and LIEUTENANT WEST                                                 DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, an inmate incarcerated at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed the instant Complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On October 16, 2012, an Order [ECF No. 7] was entered in this case. This Order denied Plaintiff's motion [ECF No. 2] to proceed *in forma pauperis* application and directed Plaintiff to pay the $350.00 filing fee within a 20-day period. Plaintiff was warned that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order could lead to the dismissal of his Complaint.

An Order to Show Cause [ECF No. 10] was entered on November 15, 2012, finding that Plaintiff had not complied with the Order [ECF No. 7] and directed Plaintiff to file a response and comply with the Order [ECF No. 10] on or before December 7, 2012. Once again, that Order to Show Cause [ECF No. 10] warned Plaintiff to failure to inform this Court of his current address or failure to timely comply with the requirements of the Order could lead to the dismissal of his Complaint.

When Plaintiff failed to comply with the Order to Show Cause [ECF No. 10], he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On January 2, 2013, a Second Order to Show Cause [ECF No. 11] was entered in this case. Plaintiff

was directed to show cause, on or before January 17, 2013, why this case should not be dismissed for his failure to comply with the Court's Orders of October 16, 2012, and November 15, 2012. In addition, Plaintiff was directed to comply with the previous Orders by paying the required filing fee on or before January 17, 2013. The Second Order to Show Cause warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. Plaintiff did not comply with the Second Order to Show Cause.

Plaintiff has not contacted this Court since October 17, 2012. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Plaintiff has failed to comply with three Court Orders. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on

inmate's failure to comply with a court order).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the 5th day of February, 2013.

                                    s/Carlton W. Reeves
                                    UNITED STATES DISTRICT JUDGE